UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------x

VICTORIA HOLLAND
and ANTHONY HAYDENN,

 

**COMPLAINT**

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER GOODWIN, DETECTIVE
TREVOR BARONETTE, and "JOHN DOE",

**JURY TRIAL DEMANDED**

Defendants.

--------------------------------------------------------x

Plaintiffs, Victoria Holland and Anthony Haydenn, by their attorneys, OFODILE &

ASSOCIATES, P.C., complaining of the Defendants – the City of New York (hereinafter also

referred to as "City"), Police Officer Christopher Goodwin, Detective Trevor Baronette, and

"Officer" "John Doe",  upon information and belief, alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action at law to redress the false arrest, imprisonment, use of excessive

force and malicious prosecution of Plaintiffs, in violation of the Plaintiffs' rights under the

Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983  This

is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiff

as a result of the intentional, malicious, careless, and negligent acts of the City of New York, and

some of its Police Officers.

1

2.     Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3.     Venue is proper in the Eastern District of New York because the events complained of occurred in the County of Kings, which is within the Eastern District of New York.

## PARTIES

4.     During all times relevant and material to this Complaint, Plaintiff Victoria Holland was (and is) a citizen of the United States, residing in Kings County, New York, within the jurisdiction of this Court.

5.     During all times relevant and material to this Complaint, Plaintiff Anthony Haydenn was (and is) a citizen of the United States, residing in Kings County, New York, within the jurisdiction of this Court.

6.     During all times relevant and material to this case, Defendant City of New York was and upon information and belief still is a municipal corporation incorporated under the laws of the State of New York.

2

7.    Upon information and belief, during all times relevant and material to this case, Defendants Police Officer Christopher Goodwin, Detective Trevor Baronette and Police Officer "John Doe", were employed by Defendant City of New York through its Police Department and worked with the Brooklyn North Narcotics Squad.

8.    The actions of Defendant Police Officers complained of herein were done as part of the custom, practice, usage, regulation, and/or direction of Defendant City of New York.

## FULFILMENT OF ADMINISTRATIVE PREREQUISITE TO SUITE

9.    Plaintiff Victoria Holland filed a Notice of Claim with 90 days of the events complained of herein and was given Claim number  2009 PI012098

## FACTS COMMON TO ALL CAUSES OF ACTION

10.    On February 12, 2009, at approximately 2:00 p.m., Plaintiff Anthony Haydenn was paying a visit to his sister Plaintiff Victoria Holland who had recently moved into the neighborhood.

11.    When Ms. Holland came and met Mr Haydenn, they both hugged and were talking when two big black men came up to them.

12.    One of the men said to Plaintiff Haydenn, "Get off the bike!". Mr Haydenn asked who they were and what it was all about. The man responded that they were cops, showed

3

his badge and, the next thing Mr Haydenn knew, they were putting handcuffs on him.

13.     Victoria Holland, realizing that Mr. Haydenn was about to be handcuffed, started yelling that the Officers should leave Mr. Haydenn alone, that he had not done anything. The other Officer then grabbed and restrained Ms. Holland and Mr Haydenn told Ms Holland to calm down and that he would handle the situation, being that he was already arrested.

14.     Ms Holland continued to tell them to live Mr. Haydenn alone as he did nothing wrong. Then the man holding Ms Holland slammed her to the wall and as Ms. Holland told him to "get off me" get off me", the man then slammed her to the ground and handcuffed her. Ms Holland was recovering from a major surgery at the time of this violent assault on her.

15.     Mr. Haydenn continued to ask what was going on and what was happening and was told that they were both under arrest. They were then dragged into a police van with no windows.

16.     The supervisors of the two officers came and then white cops in an unmarked car. They opened the backdoor and looked at Plaintiffs. Plaintiff Haydenn tried to explain to the officers that they did nothing and while trying to do so, saw officers looking through the dirt in the area and then the Officers stated that they found nothing.

4

17.     Plaintiff Haydenn then told the supervisor, "You see, we did not do anything, these officers are just abusing their authority". The supervisor then said to Plaintiff Haydenn, you are still under arrest for assaulting an officer. Plaintiff Haydenn then told the arresting officer that he was abusing his authority and to the supervisor that they should not be doing these things (arresting for no reason) to people.

18.     Plaintiffs were driven around for a long time, driven to Coney Island, then to 72nd Precinct, before they were taken to Central Booking.

19.     Plaintiffs were released the following day.

20.     Plaintiff Haydenn went to Court and was told that his case was being dismissed but he later found out that what happened was that his case was adjourned in contemplation of dismissal.

21.     Plaintiff Holland went to Court for one year, each time ready for trial and the prosecution was not ready or willing to move on with the case and she was advised that she could continue to go to Court every month for more than one year and any time she missed Court a warrant for her arrest would be issued and that to avoid that she should accept an ACD which she eventually did.

5

## AS FOR A FIRST CAUSE OF ACTION

22. Plaintiffs repeat and reallege paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23 Defendants Officer Christopher Goodwin and Detective Trevor Baronette while acting under color of State Law, arrested and imprisoned Plaintiffs without probable cause to believe they had committed any crime. Therefore, the individual Defendants violated Plaintiffs' right to be free from unreasonable seizures, secured to them under the Fourth and Fourteenth Amendments to the Constitution, and Plaintiffs' right not to be denied their liberty without due process of law, secured to them under the Fifth and Fourteenth Amendments to the Constitution. By violating Plaintiffs constitutional rights under color of State Law, the individual Defendants violated 42 U.S.C. § 1983.

24. As a result of the individual Defendants' unlawful seizure of Plaintiffs, Plaintiffs: were denied their freedom and liberty for approximately twenty-four hours and suffered severe emotional, mental, and physical distress. Plaintiffs claim: general and compensatory damages in an amount that would adequately compensate them for the violation of their rights and for emotional, mental, and physical distress.

25. In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiffs' constitutional rights when they arrested them without probable cause, Plaintiffs seek punitive damages in an amount sufficient to punish the individual Defendants and

6

deter others like them from repeating such unlawful conduct.

26.    Plaintiffs also seek attorneys' fees and the costs and disbursements of this action.

## AS FOR A SECOND CAUSE OF ACTION

27.    Plaintiffs repeat and reallege paragraphs 1 through 26 as if each paragraph is repeated verbatim herein.

28.    In violation of 42 U.S.C. § 1983, the individual Defendants, while acting under color of State law, used excessive force when one of them violently slammed Victoria Holland to the wall and to the ground without reasonable cause, causing serious physical injuries.

29.    Because the individual Defendants acted with malice and intentional disregard for Plaintiff's constitutional rights when they battered and assaulted her, Plaintiff Holland seeks punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct.

30.    Plaintiff Victoria Holland  seeks attorneys' fees and the costs and disbursements of this action.

7

## AS FOR A THIRD CAUSE OF ACTION

31.    Plaintiffs repeat and reallege paragraphs 1 through 30 as if each paragraph is repeated verbatim herein.

32.    In violation of Plaintiffs' common law right not to be falsely arrested or imprisoned without reasonable cause, the individual Defendants falsely arrested and prosecuted Plaintiffs.

33.  As a result of the individual Defendants' arrest of Plaintiffs, Plaintiffs: were denied their freedom and liberty for approximately twenty-four hours and suffered severe emotional and mental distress.  Plaintiffs claim: general and compensatory damages in an amount that would adequately compensate them for the violation of their rights and for  emotional, mental, and physical distress.

34.    In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiffs' common law rights,  Plaintiffs seek punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct.

35.    Plaintiffs also seek the costs and disbursements of this action.

8

## AND AS FOR A FOURTH CAUSE OF ACTION

36.  Plaintiffs repeat and re-allege paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.


37.   The individual defendants battered and assaulted Plaintiff Holland in violation of her common law rights not to be assaulted and battered and Plaintiff Holland is entitled to damages she suffered as a result of the battery and assault, including damages for mental and emotional distress as well as for conscious pain.



## AS FOR A FIFTH CAUSE OF ACTION

38.  Plaintiffs repeat and re-allege paragraphs 1 through 37 as if each paragraph is repeated verbatim herein.


39.   The City of New York is responsible for the actions of the officers done in the course of their employment as agents of the City of New York under the common law agency principle and/or respondeat superior.


## AS FOR SIXTH   CAUSE OF ACTION

40.      Plaintiffs repeat and reallege paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

41.    The violations of Plaintiff's constitutional rights by the individual Defendants
were carried out under the following policies, customs, and practices of Defendant City of
New York:

I.    The City of new York failed to properly train, supervise, discipline and hold

accountable its police officers and its affirmative instruction to police officers to

stop citizens when they have not committed any crimes which has encouraged and

fostered unconstitutional behavior among New York City Police Officers and

Plaintiffs are therefore entitled to damages against the City for the violation of

their constitutional rights.

II.    Failure to establish, publish, and instill in New York City Police Officers

and Detectives the practical meaning of probable cause or reasonable cause for

arrests so that officers would not detain and/or arrest citizens based on their

hunches, inklings, or mere suspicion and without reasonable or probable cause;

III.    Failure to establish, publish, and instill in New York City Police Officers

and Detectives the importance of conducting an investigation before arresting a

member of the public;

IV.    De-emphasizing the importance of an arrest warrant issued by a Judge

or Magistrate, which would act as a buffer between the citizenry and the Police,

and encouraging the Police under the aggressive policing policy of the Giuliani

and Bloomberg administrations to arrest first and ask questions later; and

V.    Failing to take proper corrective and punitive actions against

overreaching police officers and creating the impression that crime reduction is

paramount and triumphs over constitutional rights in all circumstances.

42.     Under 42 U.S.C. § 1983, Defendant City is jointly and severally liable with the individual Defendants for the general and specific damages Plaintiffs sustained under the First and Second Causes of Action, as well as for the attorneys' fees and the costs and disbursements of the action.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i.     general and compensatory damages in an amount that would adequately compensate each Plaintiff for the violation of each plaintiff's rights and for emotional, mental, and physical distress each suffered; -- against the individual defendants, jointly and severally; for the 1st, 2nd, 3rd, and 4th Causes of Action;

ii. general and compensatory damages in an amount that would adequately compensate each Plaintiff for the violation of each plaintiff's rights and for emotional, mental, and physical distress each suffered; -- against the City of New York under the 5th and 6th Causes of Action;

iii. punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

iv.     attorneys' fees and the costs and disbursements of this action -- against all Defendants, jointly and severally for the constitutional claims; and

v.     such other relief as the court deems just and proper.

11

Dated:  Brooklyn, New York
        January 16, 2010

                          OFODILE & ASSOCIATES, P.C.
                          Attorneys for Plaintiffs

                    By: _____
                          ANTHONY C. OFODILE, ESQ. (AO-8295)
                          498 Atlantic Ave.
                          Brooklyn, NY 11217
                          Tel. No.:  (718) 852-8300

12